IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| KATHY S. HALE/CAMACHO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 2:19-02519-MSN-dkv |
| | ) |
| STATE OF TENNESSEE DEPARTMENT OF | ) |
| SAFTEY AND HOMELAND SECURITY; | ) |
| THE STATE OF TENNESSEE; | ) |
| DEPARTMENT OF MOTOR VEHICLE; | ) |
| SHELBY COUNTY COURT; JUDGE | ) |
| JOHN DOE #1; COLLIERVILLE POLICE; | ) |
| JOHN DOE #1; CLAY & WRIGHT INS.; | ) |
| KATHY & MICHAEL UMBERGER, | ) |
| | ) |
| Defendants. | ) |

_____

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
ORDER DENYING APPOINTMENT OF SPECIAL COUNSEL,
and
REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
_____

On August 7, 2019, the plaintiff, Kathy S. Hale/Camacho ("Camacho"), filed a pro se "Complaint for Rule 5.1 Constitutional Challenge to a Statute." (Compl., EFC No. 1.) Camacho listed the State of Tennessee Department of Safety and Homeland Security, the State of Tennessee, the Department of Motor Vehicle, the Shelby County Court, Judge John Doe #1, the Collierville City Police Department, John Doe #1, Clay & Wright Insurance, and Kathy and Michael Umberger as defendants. (*Id.*) This case has been referred to the United States Magistrate Judge for management and for all

pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 19, 2013.)

Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*. (ECF. No. 2.) The information set forth in the affidavit in support of the motion for leave to proceed *in forma pauperis* satisfies Camacho's burden of demonstrating that she is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED.

In addition, Camacho filed a *pro se* motion for "Appointment of Special Counsel." (ECF No. 8.) Specifically, Camacho requests that special counsel be appointed to her pursuant to 28 C.F.R. § 600.1. (*Id.*) This provision of the Code of Federal Regulations provides that:

> The Attorney General . . . will appoint a Special Counsel when he or she determines that criminal investigation of a person or matter is warranted and —
> (a)  That investigation or prosecution of that person or matter by a United States Attorney's Office or litigating Division of the Department of Justice would present a conflict of interest for the Department or other extraordinary circumstance; and
> (b)  That under the circumstances, it would be in the public interest to appoint an outside Special Counsel to assume responsibility for the matter.

28 C.F.R. § 600.1.

This provision provides authority only to the Attorney General, or the Acting Attorney General, to appoint Special Counsel in specific circumstances outlined in this provision. *Id.* Camacho does not have the authority to seek appointment of Special Counsel

pursuant to this regulation, nor is this the type of case in which 28 C.F.R. § 600.1 is applicable.

Even if the court construes Camacho's motion as a motion for appointment of counsel, the outcome would be the same. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Similarly, under 42 U.S.C. § 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit.") Appointment of counsel is "'a privilege that is justified only by exceptional circumstances.'" *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)(quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987); *see also Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986).

3

Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when her chances of success are extremely slim. *Lavado*, 992 F.2d at 606 (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same). As discussed below, it is recommended that Camacho's claims be dismissed for failure to state a claim. Thus, Camacho has not satisfied her burden of demonstrating that appointment of counsel would be appropriate in this case. Accordingly, the motion for appointment of special counsel is DENIED.

For the reasons set forth below, it is recommended that Camacho's complaint be dismissed *sua sponte*.

I. PROPOSED FINDINGS OF FACT

It is difficult to ascertain the facts and legal arguments in Camacho's complaint. From what can be gleaned, Camacho is alleging that driving, and having a driver's license, is a constitutional right and that seat belt laws are unconstitutional. (Compl. 10, 11, ECF No. 1.) Specifically, Camacho begins her complaint by stating that in August of 2002, Camacho and Michael Umberger ("Umberger") were in a car accident. (*Id.* at 2.) Camacho alleges that she was "insured via full commercial insurance through the state of Mississippi and a SR-22[1] filed in the state of Tennessee."

---

[1] A SR-22 form is proof of future financial responsibility and is required under Tennessee Code Annotated § 55-12-114 under certain

(*Id.*) Following the accident, Camacho alleges that a state court judge erred in her judgement by finding for Umberger and by requiring Camacho to pay. (*Id.*) Camacho alleges that the judge "knew [she had insurance] and caused harm to [her] because of [the judge's] failure to listen." (*Id.* at 3.) Camacho also claims the judge erred in allowing Umberger to sue her to begin with. (*Id.*)

Next, Camacho alleges that she went to attorneys in an attempt to "fix" her problems and was repeatedly told that driving was a privilege and not a constitutional right. (*Id.* at 4.) Furthermore, Camacho alleges that in 2010, she tried "just paying the fines" but for various reasons, she decided not to pay them.[2] (*Id.* at 5.) Camacho goes as far as to allege that the judge made her decision because Umberger allegedly works for Collierville Police Department. (*Id.*)

For the rest of her complaint, Camacho continues to state that she had insurance and an SR-22 filed. (*Id.* at 5,6,8.) Camacho then alleges that she "has a problem with the fact" driving is considered a privilege and not a constitutional right. (*Id.* at 7.)

---

circumstances. It is not itself a form of coverage. *See Financial Responsibility Affidavits*, TN Dep't of Safety & Homeland Sec., https://www.tn.gov/safety/driver-services/reinstatements/fraffidavitssr22.html (last visited Aug. 23, 2019).

  [2] Specifically, Camacho states the following reasons for why she failed to pay: she had insurance, Umberger had no attorney, the judge erred in her decision, she had no money to pay the cost, and because of another alleged constitutional violation. (Compl. 5, ECF No. 1.)

5

Specifically, Camacho states that her constitutional challenge is "about [whether] driving is a privilege or a constitutional right" and about seat belt laws. (*Id.* at 9.) As a remedy, Camacho seeks that the constitutionality of driving and seat belts be challenged; that her license be reinstated immediately without any fees, or in the alternative a court order allowing her to drive until a hearing; and that her driving record be cleared in every state she received a ticket for driving without a license.

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening of Camacho's complaint.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i)  is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S. C. § 1915(e)(2).

B.   Standard of Review for Failure to State a Claim

In assessing whether Thomas's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation

7

marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Paynes's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Camacho's Use of Rule 5.1 as the Basis of Her Complaint</u>

Camacho's complaint is labeled "Complaint for Rule 5.1 Constitutional Challenge to a Statute." (Compl., ECF No. 1.) Rule 5.1 of the Federal Rules of Civil Procedure is strictly a procedural

8

rule and not a basis for a cause of action. Rule 5.1 states in relevant part:

> A party that files a pleading . . . drawing into question the constitutionality of a federal or state statute must promptly:
> (1) file a notice of constitutional question stating the question and identifying the paper that raises it if:
>     (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or
>     (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employee in an official capacity; and
> (2) serve the notice and paper on the Attorney General of the United States if a federal statute is question—or on the state attorney general if a state statute is questioned—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

Fed. R. Civ. P. 5.1(a). When a state or federal statute is in question, Rule 5.1 requires that the court certify to the attorney general that a statute has been questioned. Fed. R. Civ. P. 5.1(b). The attorney general may then intervene in the action within sixty days after the notice is filed or after the court certifies the challenge. Fed. R. Civ. P. 5.1(c). Furthermore, a court may not enter a final judgement holding the statute unconstitutional until the time for intervention has passed; however, a court may dismiss a constitutional challenge before the time for intervention has passed. *Id.*

9

This rule alone does not provide Camacho with a cause of action for her allegation that driving is a constitutional right and that seat belt laws are unconstitutional. Furthermore, Camacho did not follow this procedure in alleging that state seat belt laws are unconstitutional. In addition, and more fundamentally, Camacho's complaint simply fails to allege any constitutional violation.

D.  Camacho's Constitutional Challenges

Camacho states in her complaint that her constitutional challenge is "about [whether] driving [is] a privilege or constitutional right." (Compl. 9, ECF No. 1.) From what the court can glean from Camacho's complaint, Camacho's license has been suspended and she ask this court to reinstate her driver's license. (*Id.* at 9, 11.) The United States Supreme Court has recognized a fundamental right to interstate travel. *See, e.g., Saenz v. Roe*, 526 U.S. 489, 500-01 (1999). However, the Supreme Court has also recognized that states have broad power to regulate the use of motor vehicles on their highways. *See e.g., Kane v. New Jersey*, 242 U.S. 160, 167 (1916). Specifically, the Sixth Circuit has recognized that there is no fundamental right to drive a motor vehicle. *Duncan v. Cone*, No. 00-5705, 2000 WL 1828089 at *2 (6th Cir. Dec. 7, 2000)(citing *Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999)).

Much like in Camacho's situation, the Supreme Court held in *Dixon v. Love*, that a state could suspend or revoke the license of

10

a motorist under certain circumstances without it constituting a constitutional violation. *See Dixon v. Love*, 431 U.S. 105, 112-16 (1977)(noting that procedural due process does apply to the suspension or revocation of a driver's license, but not affording driving the same level of protection given to fundamental rights). Accordingly, driving — and having a driver's license — is not a fundamental right, and Camacho has failed to allege any constitutional violation.

In addition, Camacho alleges that her "constitutional challenge is about . . . seat belt laws." (Compl. 9, ECF No. 1.) Presumably, Camacho is wishing to challenge the seat belt law in Tennessee — the state in which she is a resident. (*Id.* at 1.) Tennessee's seat belt law can be found in Tennessee Code Annotated § 55-9-603. It provides that "[n]o person shall operate a passenger motor vehicle on any highway . . . in this state unless the person and all passengers . . . are restrained by a safety belt at all times the vehicle is in forward motion." Tenn. Code Ann. § 55-9-603(a)(1)(2017).

Even had Camacho followed the proper procedure for initiating a constitutional challenge to the state statute under Rule 5.1 of the Federal Rules of Civil Procedure, Camacho fails to allege any constitutional violation. The case law regarding the constitutionality of Tennessee's seat belt law in § 55-9-603(a)(1) is scarce. However, in at least one situation, the United States

11

Supreme Court dismissed an appeal regarding another state's seat belt law for lack of a substantial federal question. *See People v. Kohrig*, 498 N.E.2d 1158 (Ill. 1968)(per curiam), *appeal dismissed*, 479 U.S. 1073 (1987). Furthermore, as indicated above, the Supreme Court has held that states have broad power to regulate the use of motor vehicles on their highways. *Kane*, 242 U.S. at 167.

    While not directly addressing seat belt laws, the Sixth Circuit has held that laws which impose only an incidental and negligible burden on the fundamental right to travel are insufficient to trigger strict scrutiny. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 535 (6th Cir. 2007)(explaining that rational basis would apply, rather than strict scrutiny, to a law which may impose an incidental or negligible burden on the right to travel). Because driving itself is not a fundamental right, Camacho would have to allege that seat belt laws impose more than an incidental and negligible burden on the fundamental right to travel or that the seat belt law would not pass rational basis review.[3] Camacho fails to allege either. Accordingly, even had Camacho followed Rule 5.1 in challenging the constitutionality of the seat belt law, her complaint fails to allege that there is any violation of a constitutional right.

---

[3] Under the traditional rational basis scrutiny, a law will be upheld so long as it bears a rational relation to a legitimate end. *See League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 535 (6th Cir. 2007).

Therefore, it is recommended that Camacho's Complaint for Rule 5.1 Constitutional Challenge to a Statute be dismissed .

### III. RECOMMENDATION

For the foregoing reasons, the court recommends that Camacho's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Respectfully submitted this 30th day of August, 2019.

                                            _/s/ Diane K. Vescovo_____
                                            DIANE K. VESCOVO
                                            Chief United States Magistrate Judge

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.